# UNITED STATES DISTRICT COURT

### District of Kansas

### (Topeka Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                    **CASE NO.  22-CR-** 40086-01/04-TC

**CECIL A. BROOKS (1),**
**LEMARK ROBERSON (2),**
**RICHARD ROBINSON (3),**
  a.k.a. "Bone," and
**ROGER GOLUBSKI (4),**

**Defendants.**

# SEALED INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

### CONSPIRACY AGAINST RIGHTS
#### [18 U.S.C. § 241]

Between on or about January 1, 1996, and December 31, 1998, both dates being

approximate and inclusive, in the District of Kansas, the defendants,

**CECIL A. BROOKS,**
**LEMARK ROBERSON,**

**RICHARD ROBINSON,**
a.k.a. "Bone," and
**ROGER GOLUBSKI**

conspired with one another and others known and unknown to the grand jury to injure,

oppress, threaten, and intimidate young women—including Person 1 and Person 2, both

of whose identities are known to the Grand Jury, and other persons known and unknown

to the grand jury—in the free exercise and enjoyment of their right, secured by the

Constitution and laws of the United States, to be free from involuntary servitude.  The

defendants' conduct included kidnapping and an attempt to commit kidnapping, and

aggravated sexual abuse and an attempt to commit aggravated sexual abuse.

<u>Manner and Means</u>

It was part of the manner and means of this conspiracy that:

a.   Defendant CECIL A. BROOKS provided a location at Delevan Apartments

("Delevan") in Kansas City, Kansas, for criminal activity, including sex

trafficking.

b.  Defendant BROOKS, defendant LeMARK ROBERSON, and defendant

RICHARD "BONE" ROBINSON used physical beatings, sexual assaults, and

threats of force to compel young women at Delevan to provide sexual services.

c.  Defendant ROGER GOLUBSKI, then a Detective with the Kansas City, Kansas

Police Department, provided defendant BROOKS, defendant ROBERSON, and

defendant ROBINSON protection from law enforcement investigation and

intervention into the criminal offenses, including sex trafficking, occurring at

Delevan.

2

<u>Overt Acts</u>

In furtherance of this conspiracy, members of the conspiracy committed the following overt acts in the District of Kansas:

a.  Defendant CECIL A. BROOKS operated and controlled Delevan, an apartment complex in Kansas City, Kansas, where he, defendant LeMARK ROBERSON, defendant RICHARD "BONE" ROBINSON, and other persons known and unknown to the grand jury, conducted criminal activity that included sex trafficking.

b.  Defendant BROOKS selected young girls who were runaways, who were recently released from Beloit Juvenile Correctional Facility, and/or who came from broken homes, and moved these girls into Delevan with intent to use them in his criminal activities, including sex trafficking.

***The Office Unit***

c.  Defendant CECIL A. BROOKS kept one of the apartment units at Delevan as his "office" (hereinafter referred to as the "office unit"), where he stored guns, drugs, and cash used in his criminal activities, and where he held regular meetings to further the criminal activities, including meetings with defendant ROGER GOLUBSKI.

d.  Defendant BROOKS kept locks on both the inside and the outside of the door to the office unit, which meant that girls could be locked in the office unit from the outside. The office unit had a second floor with a bedroom and bathroom.

3

e.  On multiple occasions, defendant BROOKS, defendant LeMARK ROBERSON, defendant RICHARD "BONE" ROBINSON, and other persons known and unknown to the grand jury held young girls in this office unit.  The girls held there ranged in age from 13 years old to 17 years old.

f.  The girls locked in the office unit, whom some of the DEFENDANTS sometimes considered to "belong" to one of the DEFENDANTS at a time, would be forced to provide sexual services to that DEFENDANT primarily and sometimes to others.

### Person 1

g.  Defendant LeMARK ROBERSON met Person 1 when she was a teenager who was recently released from Beloit Juvenile Correctional Facility and whose mother had committed suicide, and he moved her into the office unit, where he held her for approximately one year, from September 1996 to October 1997, often locking her inside.

h.  Defendant ROBERSON forced Person 1 to provide sexual services to him.  On multiple occasions, defendant ROBERSON vaginally raped Person 1; forced her to perform oral sex; and threatened to kill her.

i.  Defendant ROBERSON on multiple occasions beat Person 1 with a closed fist.

j.  During a period of time when defendant ROBERSON was in jail, defendant CECIL A. BROOKS, at defendant ROBERSON's request, instructed Person 1 that she was not to leave Delevan, to talk to any other men, or to smile at any other men.

k.  Although Person 1 complied, defendant BROOKS told defendant ROBERSON

that Person 1 had smiled at another man.

l.  Defendant ROBERSON struck Person 1with an iron; dragged her down a staircase by her hair; and repeatedly struck her, as defendant BROOKS observed and laughed.

m.  Defendant ROBERSON intimidated Person 1 by telling her that other women at Delevan were punished by being beaten and that one woman was strung upside-down by her feet in a closet as punishment.

n.  Even after Person 1 confided in defendant RICHARD "BONE" ROBINSON that she desperately wanted to escape, defendant ROBINSON did not let Person 1 leave Delevan, even though ROBINSON knew that Person 1 was in a dire situation, and he had the ability to help her leave.

o.  When Person 1 experienced severe abdominal pain and vaginal bleeding, defendant ROBERSON refused to allow her to leave Delevan to go to a hospital. [When Person 1 escaped from Delevan in October 1997, she went to the hospital, where she was diagnosed as suffering from an 8-week ectopic pregnancy and iron deficiency anemia. ROBERSON had impregnated Person 1.]

**The "Working House"**

p.  Defendant CECIL A. BROOKS, defendant LeMARK ROBERSON, defendant RICHARD "BONE" ROBINSON, and other persons known and unknown to the grand jury, held young girls in multiple units at Delevan that were separate from the office unit. One of those units was a "relaxed" area, where young girls used alcohol and drugs with the defendants, and another was "working house," where

some girls were compelled to perform sexual services for adult men who visited Delevan.

q. On multiple occasions, defendant ROGER GOLUBSKI visited the "working house" and was allowed by defendant BROOKS, defendant ROBERSON, defendant ROBINSON, and other persons known and unknown to the grand jury, to choose girls to provide him sexual services.

r. Defendant GOLUBSKI also met with defendant BROOKS in his office, and defendant BROOKS made sure they would meet alone by having any others present leave when defendant GOLUBSKI arrived at the office; on other occasions, defendant GOLUBSKI parked outside Delevan, and defendant BROOKS handed defendant GOLUBSKI a bundle of money through defendant GOLUBSKI's car window.

s. Defendant BROOKS, defendant ROBERSON, defendant ROBINSON, and other persons known and unknown to the grand jury, provided drugs to the girls in the "working house," who were addicts.

t. Defendant BROOKS, defendant ROBERSON, defendant ROBINSON, and other persons known and unknown to the grand jury, beat and threatened to beat girls who did not agree to provide sexual services in exchange for shelter, drugs, or clothes.

u. Defendant BROOKS, defendant ROBERSON, and another member of the conspiracy who is now deceased and whose identity is known to the Grand Jury, each sometimes collected money at the door from the adult men who came to the

"working house" to have sex with the girls. Defendant ROBINSON sometimes collected money from Defendant ROBERSON and another member of the conspiracy, who is now deceased and whose identity is known to the Grand Jury, to give to BROOKS.

v.  Defendant BROOKS, defendant ROBERSON, defendant ROBINSON, and other persons known and unknown to the grand jury, provided the adult men with whichever girl they chose and allowed the men to take the girl into a bedroom for sexual services.

*Person 2*

w.  Defendant CECIL A. BROOKS selected Person 2 to live at Delevan in approximately January 1997, when Person 2 was 16 years old.  Person 2 had been released from Beloit Juvenile Correctional Facility and had nowhere to live.

x.  Initially, Person 2 lived in the "relaxed" part of Delevan, but after a short time, defendant BROOKS moved Person 2 into the "working house," where defendant BROOKS, defendant LeMARK ROBERSON, defendant RICHARD "BONE" ROBINSON, and other persons known and unknown to the grand jury, forced her to provide sexual services to men—in order to avoid being beaten—for approximately 4 months.

y.  At Delevan, defendant ROBERSON repeatedly vaginally raped Person 2.  When Person 2 fought back, defendant ROBERSON struck her, shoved her, and pulled her hair.

z.  At Delevan, Defendant ROGER GOLUBSKI primarily chose young Black girls,

ranging in age from 13 to 17 years old, to submit to sex and to provide sexual services to him.

aa. On one occasion, defendant GOLUBSKI chose Person 2, who was 16 years old; defendant GOLUBSKI had Person 2 provide him with sexual services, even though he acknowledged that she did not look like she was happy to be at Delevan; defendant GOLUBSKI forced his penis into Person 2's vagina, pulled her hair, and choked her.

bb. Defendant ROBERSON intimidated Person 2 by telling her that the defendants had murdered a woman by burning her alive and watching her dance around like a chicken with no head.

cc. Defendant BROOKS paid off law enforcement so that officers would provide warnings when police were about to "hit" the house.

dd. Defendant BROOKS forced Person 2 to perform oral sex on him, vaginally raped her, grabbed her by the throat, slammed her into a wall, and threatened to kill her. [Soon after this incident, after approximately 4 months at Delevan, Person 2 ran away from Delevan.]

In violation of Title 18, United States Code, Section 241.

## COUNT 2

### INVOLUNTARY SERVITUDE
### [18 U.S.C. § 1584]

Between on or about September 6, 1996, and October 1997, both dates being

approximate and inclusive, in the District of Kansas, the defendants,

**CECIL A. BROOKS,**
**LEMARK ROBERSON, and**
**RICHARD ROBINSON,**
a.k.a. "Bone,"

while aiding and abetting one another, knowingly and willfully held Person 1 to involuntary servitude for a term. The defendants' conduct included kidnapping and an attempt to kidnap, and aggravated sexual abuse and an attempt to commit aggravated sexual abuse. The defendants' conduct also involved the sexual and physical abuse, and kidnapping, of a child—Person 1—then under the age of 18 years.

Specifically, the defendants CECIL A. BROOKS, LeMARK ROBERSON, and RICHARD "BONE" ROBINSON, held Person 1 at the Delevan Apartments complex in Kansas City, Kansas, where she was forced to provide sexual services to LeMARK ROBERSON.

In violation of Title 18, United States Code, Sections 1584 and 2.

## COUNT 3

### INVOLUNTARY SERVITUDE
### [18 U.S.C. § 1584]

Between in or about December 1997 to March 1998, both dates being approximate and inclusive, in the District of Kansas, the defendants,

**CECIL A. BROOKS,**
**LEMARK ROBERSON, and**
**ROGER GOLUBSKI,**

while aiding and abetting one another, knowingly and willfully held Person 2 to involuntary servitude for a term. The defendants' conduct included kidnapping and an

attempt to commit kidnapping, and aggravated sexual abuse and an attempt to commit

aggravated sexual abuse.  The defendants' conduct also involved the sexual and physical

abuse, and kidnapping, of a child—Person 2—then under the age of 18 years.

Specifically, defendants CECIL A. BROOKS, LeMARK ROBERSON, and then-

Kansas City, Kansas Police Department Detective ROGER GOLUBSKI held Person 2 at

the Delevan Apartments complex in Kansas City, where she was forced to provide sexual

services to adult men, including LeMARK ROBERSON, CECIL A. BROOKS, and

ROGER GOLUBSKI.

In violation of Title 18, United States Code, Sections 1584 and 2.

A TRUE BILL.

November 10, 2022                         s/Foreperson
DATE                                      FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
UNITED STATES ATTORNEY

By: /s/ *Stephen A. Hunting*
Stephen A. Hunting
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas 66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: stephen.hunting@usdoj.gov
Ks. S. Ct. No. 21648

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

By: /s/ *Tara Allison*
Tara Allison
Trial Attorney, Criminal Section, Civil Rights Division
United States Department of Justice
150 M St. NE, Suite 7.1132
Washington, DC 20002
Ph: (202) 598-7882
Email: tara.allison@usdoj.gov
NY Bar No. 5666029

IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

# **PENALTIES**

## Count 1 [18 U.S.C. § 241]

- Punishable by any term of imprisonment of not more than 10 (ten) years.  18 U.S.C. § 241.

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,00.00.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, the offense is punishable by:

- Any term of years of imprisonment or life.  18 U.S.C. § 241.

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,00.00.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 2 and 3 [18 U.S.C. § 1584]

- Punishable by a term of not more than 20 years' imprisonment.  18 U.S.C. § 1584.

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

12

- A fine not to exceed $250,00.00.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, the offense is punishable by:

- Any term of years of imprisonment or life.  18 U.S.C. § 1584.

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,00.00.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.