IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    *Plaintiff*,<br>v.<br><br>ROGER GOLUBSKI,<br><br>                    *Defendant*. | Case No. 22-40055-TC &<br>22-40086-TC |

**UNOPPOSED MOTION FOR SUBPOENA AND PROTECTIVE ORDER**

Defendant Roger Golubski seeks a subpoena under Rule 17(c) of the Federal Rules of Criminal Procedure commanding ENSZ & JESTER, P.C. and MCCAULEY & ROACH, LLC to produce materials obtained via discovery in D. Kan. Case No. 18cv02545. Defendant Golubski further requests that the Court issue a protective order to safeguard the information produced pursuant to the requested subpoena. The government has been consulted regarding Golubski's request and advises it does not object.

**Background**

The case opening document provided by the government in discovery explains:

> In October 2014, Attorney Cheryl Pilate (Pilate) reported color of law allegations against former KCK Captain and Detective Golubski. Pilate discovered the allegations while representing at least three clients in cases affiliated with KCK Police Department.

Golubski_000002.

1

Lamonte McIntyre was one of the clients for whom Pilate was collecting information in 2014. McIntyre was pursuing relief from incarceration on murder convictions entered in the 1990s. In order to demonstrate McIntyre's innocence, his legal team sought information on Golubski, who investigated the murders.

Some of the information McIntyre's team collected was used in his habeas action, and some of it was used in a subsequent civil action filed against Golubski and the Wyandotte County Unified Government.

Allegations made by McIntyre's legal team substantially overlap the government's allegations in the criminal actions filed against Golubski. The Complaint filed in D. Kan. Case No. 18-cv-02545 begins:

> For decades, the Kansas City Police Department (KCKPD) permitted Detective Roger Golubski to terrorize an entire community—by using his badge to extort sexual favors from poor black women . . . . Golubski forced his victims to submit to sexual acts, through physical force or with threats of arrest or harm to them or their loved ones. He also manipulated his victims by promising favors, like clearing arrest warrants, or by providing illegal drugs to those who were addicted. . . . Throughout the community, and among the women he manipulated, Golubski had a reputation for being corrupt . . .

Doc. 1, ¶ 1. McIntyre's response in opposition to summary judgment relies on the claims made by S.K. and O.W. (the complaining witnesses in D. Kan. Case No. 22-cr-40055)—the precise claims underlying the charges against Golubski. Doc. 624, ¶ 443, 566-568, 574-576. Cheryl Pilate introduced S.K. and O.W. to the FBI.

The summary judgment opposition further alleges: "Golubski had connections to, and was involved in, the KCKPD drug trade at the time of the murders and was particularly close with Cecil Brooks"—one of Golubski's alleged co-conspirators for

2

the charges brought by the government in D. Kan. Case No. 22-cr-40086. Doc. 624, ¶ 248; *see also* ¶¶ 551-557.  McIntyre's legal team proposed that Golubski and Brooks were so connected that Golubski framed McIntyre to cover up a murder carried out for the benefit of Brooks's operation. D. Kan. Case No. 22-cr-40086, Doc. ¶¶ 624, 248-249.

In summary, the witnesses, information, and allegations at issue in D. Kan. Case No. 18-cv-02545 are inextricably intertwined with the witnesses, information, and allegations at issue in the criminal cases currently pending against Golubski.

## Discussion

Adequate defense of the criminal accusations currently lodged against Golubski requires examination of the environment in which they arose.  This requires access to the discovery materials from D. Kan. Case No. 18-cv-02545.

Mr. Golubski's criminal defense counsel have conferred with his civil defense counsel (specifically Morgan Roach) regarding sharing discovery materials obtained during the course of D. Kan. Case No. 18-cv-02545.  While there is no opposition to doing so, Mr. Roach advises that doing so in keeping with the requirements of the protective order(s) in that case would prove time-consuming and burdensome.  That is not because great amounts of information would need to be protected from disclosure; the Amendment to Protective Order filed October 31, 2022, actually allows broad disclosure.  However, it imposes an obligation to search for and redact specific information within documents that can otherwise be produced (social security numbers to the last four digits, financial account numbers to the last four digits,

3

names of minor children to the initials, dates of birth to the year and home addresses to the city and state). D. Kan. Case No. 18-cv-02545, Doc. 735, ¶ 6. The time and effort required to review all of the documents Golubski needs would be extraordinary even if few documents would contain protected information.

To alleviate the time and burden required for Golubski's civil counsel to provide this necessary information to Golubski's criminal defense team, Golubski requests that the Court issue a subpoena commanding production of the discovery materials in "as is" condition and enter an order subjecting Golubski's criminal defense counsel to the exact same restrictions in effect in the civil case. This will eliminate the time and expense required to review documents page by page for information potentially subject to redaction while maintaining the status quo of the information as to the public.

## Specific Requests

The defense requests the Court issue a subpoena to ENSZ & JESTER, P.C., 1100 Main Street, Suite 2121, Kansas City, Missouri 64105, and MCCAULEY & ROACH, LLC, 527 W. 39th Street, Suite 200, Kansas City, Missouri 64111, compelling the production of all materials obtained in the course of discovery for D. Kan. Case No. 18-cv-02545, in "as is" format—without redaction.

The defense further requests that the Court issue a protective order directing JOSEPH, HOLLANDER & CRAFT LLC to maintain all materials produced by ENSZ & JESTER, P.C. and MCCAULEY & ROACH, LLC in accordance with the protective orders D. Kan. Case No. 18-cv-02545 (Docs. 124 & 735) and prohibiting disclosure of

such materials and the information contained therein in violation of the protective orders D. Kan. Case No. 18-cv-02545 (Docs. 124 & 735).

Counsel for Golubski have discussed these requests with counsel for the government and been advised the government does not object.

Respectfully submitted,

By: <u>s/ Christopher M. Joseph</u>
Christopher M. Joseph, #19778
Carrie E. Parker, #24988
Joseph, Hollander & Craft LLC
1508 S.W. Topeka Blvd.
Topeka, Kansas 66612
(785) 234-3272
(785) 234-3610 fax
cjoseph@josephhollander.com
cparker@josephhollander.com

CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

<pre>
                              s/ Christopher M. Joseph
                              Christopher M. Joseph
</pre>