## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 22-40055-TC & 22-40086-TC** |
| | ) | |
| **ROGER GOLUBSKI,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## NONPARTY VICTIMS' JOINT OBJECTION AND MOTION TO QUASH SUBPOENA

Pursuant to Fed. R. Crim. P. 17(c)(3), Ophelia Williams, Saundra Newsom, Niko Quinn, Michelle Houcks, Richelle Miller, Jermeka Hobbs, representatives of the Estate of John Keith Calvin and members of the Calvin family,[1] and unnamed John & Jane Does ("Nonparty Victims"), by and through their counsel, respectfully move this Court to quash the subpoenas ordered on January 30, 2023 (Case No. 22-40055-TC, Doc 24; Case No. 22-40086-TC, Doc 48), and in support thereof, advise the Court of the following:

### SUMMARY OF ISSUE

"Rule 17 was not intended to provide the defendant a mechanism by which to troll the waters of the sea's otherwise undiscoverable material in the small hope that something beneficial might rise to the surface." *United States v. King*, 164 F.R.D. 542, 546 (D. Kan. 1996). Defendant's Motion is even worse. Far from merely (and improperly) casting his net into the sea of discovery,

---

[1] Members of the Calvin family include: Evora Sanders, Leola Taylor, Gloria Calvin, Mamie Wright, Oradean Walton, Diane Frazier, Darrin Calvin, Eric Calvin, Kendra Wright, Kesha Wright, Kiardra Calvin, Jalisa Bluford, Aneesah Frazier, Khadijah Edwards, Rosalyn Calvin, Deidre Dodds, Laraya Banks, Tracy Harris, Christopher McCowan, Samantha McCowan, and Monica Calvin.

Defendant demands every single page produced in a civil case – ensuring he gets his fingers on not just the fish, but all of the coral, sand, rocks, and the very water itself.

Defendant is charged in two separate criminal cases. In the first, Case No. 22-40055, a grand jury found probable cause to indict the Defendant for kidnaping, raping, and sexually assaulting O.W. and S.K. ("Rape Indictment"). S.K. was a minor at the time of the alleged assaults. In the second, Case No. 22-40086, the grand jury found probable cause to indict the Defendant for his participation in an alleged sex trafficking ring ("Sex Trafficking Indictment") where the Defendant protected a criminal enterprise that kidnapped and enslaved teenage girls who were allegedly beaten and forced to perform sexual acts.

With no showing of need and not even an attempt at specificity, the Defendant now seeks production of all documents produced in a previously filed and settled §1983 wrongful conviction civil lawsuit brought by Lamonte McIntyre and his mother, Rose McIntyre. the Defendant claims, but has not established, a "substantial overlap" between the two Indictments and the McIntyres' §1983 case. Although wrongful or illegal acts by the Defendant are at issue in both the civil and criminal cases, the nature and scope of the two cases are completely different. The federal criminal cases do not involve McIntyre's wrongful conviction, the Defendant's unconstitutional acts in an investigation, or the policies, training, and customs of the Kansas City, Kansas Police Department, all of which were the core of the McIntyres' lawsuit. Neither Indictment concerns the injuries inflicted on Lamonte McIntyre and Rose McIntyre as a result of the illegal conduct of the Defendant and his fellow officers. Moreover, the McIntyre case is subject to a detailed Protective Order entered by Magistrate Judge Gale and subsequently amended by Judge Vratil. *McIntyre v. Unified Government*, Case No. 18-cv-2545 ("McIntyre Section 1983 Civil Case") at Doc. 124 and Doc. 735. Without ever making any appearance in the McIntyre Section 1983 Civil Case, defense

counsel seeks to have this Court void the limitations and requirements of its Amended Protective Order.

The civil discovery in the McIntyre Section 1983 Civil Case includes the identity, testimony, and/or accounts of some of the Defendant' victims. It includes detailed information about: (1) named Nonparty Victims whose identities as potential plaintiffs and witnesses are presently known to Defendant; (2) Jane & John Doe victims who are potential plaintiffs and witnesses, represented by the undersigned counsel, but whose identities are not presently known to Defendant; and (3) many others who are known to counsel for movants but have not been identified as potential witnesses or plaintiffs and are not represented by counsel.

Contrary to Judge Vratil's Amended Protective Order, the Defendant seeks *all discovery* in "as is," or unredacted, form. the Defendant made no attempt to justify such a broad and unprecedented request, which includes sensitive information about the damages suffered by the McIntyres, sensitive information about the Nonparty Victims, and jail and prison records. Nothing in these criminal cases justifies this type of request. By seeking all documents in unredacted form, the Defendant specifically seeks to circumvent Judge Vratil's limitations and seeks such confidential information as dates of birth, victims' and witnesses' Social Security numbers, financial account numbers, minor children's names, and home addresses. This discovery contains the most private of information about people who understood their private information, including street addresses or Social Security numbers, would be protected by the judicial system and would not be disclosed in an unrelated case. Yet, that is what the Defendant seeks, *without even an attempt to explain why he seeks it.*

Defendant's request for release from house arrest was denied by Magistrate Judge Schwartz based in part upon Judge Schwartz' concern over the likelihood that Defendant's

freedom within the KCK community would come into conflict with the peaceful enjoyment of lives for members of the community who are witnesses and claim to be his victims. The Defendant is not merely a defendant in a civil suit. A grand jury has, based upon evidence, found probable cause to believe crimes have been committed, and that the Defendant committed those crimes. This disclosure not only immediately harms his victims, it risks many of them hiding out of fear that the Defendant's knowledge of their current addresses means they are yet again unsafe in their own community. Defendant's discovery rights are tailored to the elevated, beyond a reasonable doubt burden of proof that protects his constitutional rights, and his concomitant presumption of innocence coupled with his right to remain silent. He is not entitled to the same broad discovery rights he might have as a civil litigant, because he does not need them. In any event, Rule 17 does not give him the right to disclosure of these records. As discussed below, Defendant failed to comply with even the most basic requirements of Rule 17(c).

### ARGUMENT AND AUTHORITIES

1.  **The Motion for Subpoena Fails to Comply with Rule 17(c)(3)**

"The legal standard governing a Rule 17(c) motion [] is well known. The Supreme Court established this standard nearly 70 years ago and our Circuit consistently has enforced it." *United States v. Ward*, No. 14-40139-01-DDC, 2020 WL 1935057, at *1 (D. Kan. Apr. 22, 2020). Rule 17(c)(3) states that:

> "[a]fter a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court **must** require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object."

Fed. R. Crim. P. 17(c)(3) (emphasis added). Despite this requirement, neither the Defendant nor the Government provided notice to the victims prior to requesting the subpoena. As a result, the

Court must withdraw the Order and instead order the parties to show cause as to how the parties intend to comply with Rule 17(c)(3) without publicly disclosing the identity of each victim. *See United States v. Vanskike*, No. 18-40055-HLT, 2019 WL 2137284, at *3 (D. Kan. May 16, 2019).

### 2.  **The Motion for Subpoena Fails to Meet Its Burden**

Even if notice had been provided to each victim (and it was not), the motion is still fatally defective and must be denied and the subpoena quashed. Rule 17(c) "was not intended to provide a means of discovery for criminal cases…but to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. King*, 164 F.R.D. 542, 545 (D. Kan. 1996) (quoting *United States v. Nixon*, 418 U.S. 683, 698-99, 94 S. Ct. 3090, 41 L.Ed.2d 1039 [1974]). "In other words, Rule 17(c) is **not a discovery tool** but offers compulsory process for securing **specific, identifiable evidence** for trial." *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994) (emphasis added).

To obtain an order requiring production before trial, the movant "must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Nixon*, 418 U.S. at 700. However, "[c]onjecture and speculation will not provide the lift to carry a movant over the three hurdles." *Jackson*, 155 F.R.D. at 668. Here, the Motion fails to clear even a single hurdle, much less all three.

### a.  **The Motion Fails to Establish Relevancy**

"Notably, the documents sought cannot be *potentially* relevant or admissible, they must meet the test of relevancy and admissibility at the time they are sought." *United States v. Burger*, 773 F. Supp. 1419, 1425 (D. Kan. 1991) (emphasis in original) (denying motion for Rule 17(c) subpoena because "Defendants' conclusory statements that the documents may be relevant and admissible are insufficient"). To meet the relevancy element, there must be a "sufficient likelihood" that the requested documents are "relevant to the offenses charged in the indictment."

*Nixon*, 418 U.S. at 700. "Conclusory allegations of relevance…are insufficient." *Jackson*, 155 F.R.D. at 667.

Here, the Motion is silent as to relevancy. For this reason alone, the Motion should be denied and the subpoena quashed. Moreover, the Defendant cannot establish relevancy. The Motion seeks the entire discovery produced in civil litigation about Lamonte McIntyre's wrongful conviction. Despite Defendant's representation, there is not a "substantial overlap" between the McIntyre § 1983 civil case and the offenses charged in the indictment.

The Rape Indictment indicted the Defendant on the rapes and sexual assaults of O.W. and S.K. The Sex Trafficking Indictment indicted the Defendant for his participation in, and protection of, a sex trafficking ring. Neither case involves Mr. McIntyre, his wrongful conviction, or his Section 1983 civil claims. The overlap between the McIntyre Section 1983 Civil Case on the one hand and Defendant's Rape Indictment and Sex Trafficking Indictment is solely the Defendant himself. This is not "substantial." Moreover, Defendant can **<u>never</u>** establish that the more than 100,000 pages produced by the parties in the McIntyre Section 1983 Civil Case are relevant to either the Rape Indictment or the Sex Trafficking Indictment. It is not merely improbable, it is impossible. Because Defendant failed to clear the relevancy hurdle, the Motion should be denied and the subpoena quashed.

### b. The Motion Fails to Establish Admissibility

"Conclusory allegations of…admissibility are insufficient." *Jackson*, 155 F.R.D. at 667. Instead, the movant is obligated to make a sufficient showing that "each" requested document "contains evidence admissible with respect to the offenses changed in the indictment." *Nixon*, 418 U.S. at 700. Simply put, Defendant fails to meet this minimum standard. Nor can he. It is impossible to establish that every single document produced in discovery in the McIntyre Section 1983 Civil Case is admissible in the Rape Indictment case or the Sex Trafficking Indictment case.

### c.  The Motion Fails to Establish Specificity

"Specificity is the most difficult hurdle to overcome," *United States v. Anderson*, 31 F. Supp. 2d 933, 945 (D. Kan. 1998), and ensures victims are given enough knowledge about which documents are being requested that they can lodge objections on relevancy or admissibility. *Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994). The specificity hurdle request the subpoena to "refer to specific documents or, at least, to specific kinds of documents," but "cannot be cleared by simply naming the title of the document. The moving party must specify why the materials are wanted, what information is contained in the documents, and why those documents would be relevant and admissible at trial." *Id.* at 668.

"The specificity requirement also prevents the moving party from using the Rule 17(c) subpoena as a license for what the Supreme Court in *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221, 71 S.Ct. 675, 95 L.Ed. 879 (1951), decried as a 'fishing expedition to see what may turn up.'" *United States v. Anderson*, 31 F. Supp. 2d 933, 945 (D. Kan. 1998); *United States v. Noriega,* 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused"). "Requesting entire files instead of specific documents indicates a fishing expedition." *Jackson*, 155 F.R.D. at 668; *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002).

Here, the Motion mirrors the very deficiencies numerous other courts have already found lack specificity and therefore must be denied and their subpoenas quashed. First, the Motion seeks the entire discovery produced in the McIntyre Section 1983 Civil Case. This is patently **non**specific, *id.*, and is nothing more than a fishing expedition to see what may turn up. *Bowman*, 341 U.S. at 221. This lack of specificity impinges these Nonparty Victims' ability to address and object to the relevancy and admissibility hurdles. Nothing in the Motion specifies why the

materials are wanted, what information in contained in each document, or why those documents are relevant and admissible at trial. For example, if the Defendant had claimed that he was seeking impeachment evidence, even that is an insufficient basis to obtain the subpoena. *Jackson*, 155 F.R.D. at 668; *Nixon*, 418 U.S. at 701-02 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial").

"This is clearly a criminal case where civil discovery is not permitted. While courts require the government to provide exculpatory evidence, they do not require prosecutors to provide such exhaustive documentation." *United States v. Ary*, No. 05-10053-01-JTM, 2005 WL 2372743, at *4 (D. Kan. Sept. 27, 2005). Worse here, the Defendant seeks to interject the entirety of discovery from a civil case into a criminal prosecution. And that civil discovery did not center on the narrow facts in the Rape Indictment and the Sex Trafficking Indictment. This is patently improper. *Degen v. United States*, 517 U.S. 820, 825–26, 116 S. Ct. 1777, 135 L. Ed. 2d 102 (1996) (contrasting limited discovery rights in criminal matters with general discovery rights in civil matters and the Government's concern a defendant "might use the rules of civil discovery…to gain an improper advantage in the criminal matter, prying into the prosecution's case in a manner not otherwise permitted").

*       *       *

Despite an unquestionable obligation to do so, the Defendant has failed to clear any of the three hurdles. "Without detailed information on the requested documents, the court [and these Nonparty Victims] is only left to speculate as to the specific nature of their contents and its relevance." *Anderson*, 31 F. Supp. 2d at 346 (quotations omitted). As a result, the Motion should be denied and the Subpoena quashed.

**3. Compliance with the Subpoena would be Unreasonable or Oppressive**

Even if the hurdles are cleared, a court can still quash the subpoena if "compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Here, the unreasonableness of the request and its oppressiveness cannot be more obvious. For example, the Defendant seeks unredacted, "as is" documents, including production in these criminal cases of:

(1) Victims' full Social Security numbers;

(2) Victims' full financial account numbers;

(3) Victims' minor children's names;

(4) Victims' dates of birth; and

(5) Victims' home addresses.

The last is particularly troubling, given the fact that protecting victims' and witnesses' home addresses was one of the reasons for denying the Defendants' release from home detention. Sex Trafficking Indictment, Doc. 46 at p. 6 ("The Government, however, noted that many of the alleged witnesses have intentionally moved residences and have kept their new home information private out of fear of what could happen if their new addresses were known by Defendant. Setting up zones, which would contemporaneously notify Defendant when he was near those witnesses, would create new and additional risks to the safety of individuals in the community"); Rape Indictment, Doc. 22 at p. 6 (same). Turning over victims' home addresses, minor children's names – not to mention distributing full dates of birth, Social Security Numbers and financial account numbers – is an invasion of victim privacy, a right codified at 18 U.S.C. § 3771(a)(8).

WHEREFORE, these Nonparty Victims pray that the Court deny the Motion for Subpoena and Protective Order, quash the Subpoena previously granted by the Court on January 30, 2023, and for any and all other relief to which these Nonparty Victims may be entitled.

Respectfully submitted,

/s/ William J Skepnek
William J. Skepnek     KS Bar #10149
THE SKEPNEK LAW FIRM, PA
1 Westwood Rd.
Lawrence, KS 66044
Phone:          (785) 856-3100
Facsimile:     (785) 856-3099
bskepnek@skepneklaw.com

AND

/s/ Quentin M. Templeton
Quentin M. Templeton  KS Bar #26666
FORBES LAW GROUP, LLC
6900 College Boulevard, Ste. 840
Overland Park, Kansas 66210
Telephone:     (913) 341-8600
Facsimile:     (913) 341-8606
qtempleton@forbeslawgroup.com

AND

/s/ Brennan P. Fagan
Brennan P. Fagan        KS Bar #20430
FAGAN & EMERT, LLC
730 New Hampshire Street, Suite 210
Lawrence, Kansas 66044
Telephone:     (785) 331-0300
Facsimile:     (785) 331-0303
bfagan@faganemert.com

ATTORNEYS FOR NONPARTY VICTIMS

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Quentin M. Templeton
Quentin M. Templeton