**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 22-40055-TC and** |
| **v.** | ) | **Case No. 22-40086-TC** |
| | ) | |
| **ROGER GOLUBSKI** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT OBJECTION OF NONPARTY MOVANTS LAMONTE MCINTYRE AND
ROSE LEE MCINTYRE TO DEFENDANTS' SUBPOENA,
AND MOVANTS' MOTION TO QUASH**

Lamonte McIntyre and Rose Lee McIntyre, by and through their counsel and pursuant to Fed. R. Crim. P. 17(c)(3), move this Court to quash the subpoena ordered on January 30, 2023 (Case Nos. 22-40055-TC, Doc. 24; Case No. 22-40086-TC, Doc. 48). The subpoena, issued by Defendant Golubski and served to counsel in an unrelated civil case, *McIntyre v. Unified Government,* Case No. 18cv02545, seeks "all materials obtained in the course of discovery" in that civil case.  The subpoena runs afoul of the court's rulings in the *McIntyre* case in two ways: (1) the subpoena requests, contrary to the court's Amended Protective Order in *McIntyre*, that all documents be produced "as is" and "without redaction," and (2) the subpoena requests *all* discovery exchanged in the case, which includes documents that the *McIntyre* court previously denied to intervenors as they were sensitive and marked by Plaintiffs as "confidential."  Although Roger Golubski was a defendant in that civil case, he now seeks unrestricted discovery in a different capacity – as a criminal defendant.

1

Rose McIntyre and Lamonte McIntyre object to Golubski's overbroad and unlimited subpoena and request that the Court quash it. The subpoena does not comply with Federal Rule of Criminal Procedure 17(c)(3), and it constitutes an end run around the criminal discovery rules.  The subpoena rests on the false premise that the *McIntyre* civil case is somehow "inextricably intertwined" with the federal criminal cases now pending against Defendant Golubski. That argument is baseless.  Neither Lamonte McIntyre nor Rose McIntyre is anticipated to be a witness in those criminal cases.

The *McIntyre* lawsuit was focused primarily on Lamonte McIntyre's wrongful conviction, Golubski's violation of Lamonte's constitutional rights in a criminal investigation, and the policies and practices of the Kansas City, Kansas Police Department.  Any alleged "overlap" in the subject matter of the civil and criminal cases – i.e., the misconduct of Roger Golubski -- does not justify the oceanic fishing expedition that Golubski now seeks.

More than 120,000 pages of discovery were exchanged in the *McIntyre* case. Movants wish to make clear that they do *not* object to Golubski's counsel obtaining the discovery produced by the Unified Government -- including police reports, homicide files, and KCKPD policies – provided the subpoenaed documents comply with the Amended Protective Order in *McIntyre* and its specific redaction requirements. (Ex. 1). Movants vigorously object, however, to Golubski obtaining documents that they produced as Plaintiffs in that case and marked as "confidential." These documents have no relevance to the criminal charges against Golubski and would, if produced, needlessly and harmfully invade Movants' privacy. These documents include medical records,

2

mental health records, jail and prison records, Social Security documents and other personal records.  Movants seek to protect all these sensitive and private documents, which were denominated "confidential" during the *McIntyre* litigation.

Movants also request that the Court reject Golubski's improper efforts to hijack Federal Rule of Criminal Procedure 17(c)(3) and transform it into a tool of limitless discovery.

## I.     RELEVANT BACKGROUND FROM THE *McINTYRE* CASE

The *McIntyre* lawsuit, brought under 42 U.S.C. § 1983, raised claims under the First, Fourth and Fourteenth Amendments as well as state law tort law. The claims arose from the wrongful conviction of Lamonte McIntyre for a double homicide he did not commit.  Movants also alleged that Golubski, who led the homicide investigation, had sexually assaulted Rose McIntyre some years before wrongfully targeting Lamonte McIntyre in the criminal investigation.  Nothing about Lamonte McIntyre's wrongful conviction or the assault of Rose McIntyre is anticipated to be part of the two criminal cases now pending against Golubski.

The court in *McIntyre* entered a comprehensive Protective Order at the start of the litigation, allowing the parties to designate certain documents as "confidential," including financial records, mental health records, personnel records and criminal investigation records in open cases. (Ex. 2) The order also allowed a designation to be made for "attorney eyes only," which could be applied to documents that contained "sensitive, confidential, and non-public personal identifying or contact information." (Ex. 2 at 5-6)

The Unified Government designated all, or nearly all, of the documents it produced as "confidential."  Movants marked a far lower share of the documents they produced as "confidential" and primarily used that designation to protect medical, mental health and other very sensitive materials.  They also made very sparing use of the "attorney eyes only" designation, which was primarily employed when Movants produced contact information for some witnesses.

As the *McIntyre* case was settling, two media organizations, the McClatchy Company, LLC (the Kansas City Star) and KCUR 89.3 FM, moved to intervene. The court granted their motions, and the media organizations then moved to modify the Protective Order, seeking to obtain certain documents in the public interest, primarily criminal investigation and personnel records.  They also sought material marked as "Attorney Eyes Only." (Docs. 689, 690, 694, 695, 708, 709, 710, 711)[1]

The parties responded to the motions filed by intervenors.  Movants did not object to the media organizations' motions to the extent the media intervenors sought materials in the public interest, such as police reports, investigative files (which largely concerned old cases) and personnel records. (Docs. 716, 717) Movants did oppose, however, granting the media access to sensitive information that had been designated "Attorney Eyes Only."  Defendants in that case also responded to the intervenors, opposing the

---

[1] The references to document numbers in this paragraph refer to pleadings and orders filed in the *McIntyre* case, No. 18-cv-02545.

media organizations' motions to modify and asserting that any request for documents should be analyzed through the Kansas Open Records Act. (Doc. 718)

The court granted in part and denied in part the intervenors' motions, amending the Protective Order to grant intervenors access to some documents – if any party chose to provide them -- while denying access to others that were more sensitive and did not implicate the public interest.  (Docs. 699, 700).  Although the court rejected the "Attorneys Eyes Only" designation on civilian witness information, it denied access to numerous confidential documents produced by Lamonte McIntyre and Rose McIntyre, including prison records, financial records and medical health records.  (Ex. 3; Doc. 726, Case No. 18-cv-02545).  The court permitted the release of personnel records of government employees and criminal investigation records "bearing on the performance of public duties," provided that all documents released to third parties be redacted to conceal "personal identifying information: Social Security numbers to the last four digits, financial account numbers to the last four digits, names of minor children to the initials, dates of birth to the year, and home addresses to the city and state."  (Ex. 3)

On October 31, 2022, the court issued its Amendment to Protective Order (Doc. 735), which reiterated its prior rulings on confidential documents and stated that any party who discloses documents that were permitted to be disclosed "shall" make the specified redactions.  (Ex. 1; Doc. 735).

Golubski now seeks to circumvent the redaction requirement without making any effort to litigate this issue before the court that issued the Protective Order in *McIntyre*.

## II.     SUBPOENA ISSUED BY GOLUBSKI

In addition to seeking to circumvent the redaction requirement, Golubski has also issued a grossly overbroad subpoena, making no effort to tailor or focus his request. The subpoena simply demands all "materials obtained via discovery," and states that such materials should be produced in "as is" condition, without redaction.

Golubski has offered no justification for his sweeping request. There is no indication that he took the simple step of reviewing the hundreds of documents already available in the court file, which include extensive pleadings, summary judgment briefing, depositions of parties and witnesses, and many dozens of exhibits. A review of the court file would have been a logical first step prior to issuing any subpoena. A review of the file, along with a simple Google search, also would have shown that Golubski's alleged misconduct was widely known long before any investigation by Movant's counsel. (*See* Doc. 47 at 1; *see also* https://www.kcur.org/news/2021-01-03/accused-of-coercing-women-into-sex-and-lies-to-solve-cases-ex-kck-cop-takes-the-fifth).

## III.     REASONABLE EFFORT TO CONFER PURSUANT TO RULE 37.2

On February 8, 2023, counsel for Golubski, the government, Movants and other Non-party Victims (who have also filed a motion to quash, Doc. 29) participated in a conference call in an effort to resolve the dispute concerning Golubski's subpoena.[2] Movants' counsel certifies that all counsel conferred in good faith and made reasonable efforts to resolve the issue, but no resolution was reached.

---

[2] Alana McMullin, of Lathrop GPM, one of the attorneys for Lamonte McIntyre and Rose McIntyre in Case No. 18-cv-02545, participated in the phone conference on behalf of Movants.

IV.    FEDERAL RULE OF CRIMINAL PROCEDURE 17(c)

Movants agree with and endorse the detailed discussion of the applicable law in Nonparty Victims' Joint Objection and Motion to Quash Subpoena. (Doc. 29 at 5-9). There is no need to hash over in detail that case law here.  Movants stress that Rule 17(c) is not a rule of discovery. Rather, it is a means to expedite and ease the logistics of trial by providing "a time and place before trial for the inspection of subpoenaed materials." *United States v King*, 164 F.R.D. 542, 545 (D. Kan. 1996) (quoting *United States v. Nixon*, 418 U.S. 683, 698-99 (1974).  Rule 17(c) "is not a discovery tool but offers compulsory process for securing specific, identifiable evidence for trial." *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994); *see also United States v. Carter*, 15 F.R.D. 367, 368-73 (D.D.C. 1954) (Rule 17 is not intended as a discovery rule; the purpose of the rule is to facilitate and expedite trials); *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (Rule 17(c) subpoena must be quashed or modified if the proponent cannot identify the item sought and what the item contains).

In his Motion for Subpoena and Protective Order, Defendant Golubski never identified a single, specific item that he seeks; he simply requests "all materials" received or produced by the parties in the *McIntyre* litigation. (Doc. 47 at 4).

A Rule 17(c) subpoena must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity. *Nixon*, 418 U.S. at 700.  "Conjecture and speculation" are not sufficient to pass over these hurdles. *Jackson*, 155 F.R.D. at 668.

In the present case, Golubski has made no effort to clear these hurdles. Instead, he has offered speculative and unsupported assertions that the criminal cases against him

and the *McIntyre* case are "inextricably intertwined" or "overlap." This incorrect. The *McIntyre* case, while including allegations of serious misconduct by Golubski, was primarily focused on Lamonte McIntyre's wrongful convictions and the unconstitutional actions of Golubski during the criminal investigation. The present criminal cases, to counsels' knowledge, have nothing to do with McIntyre's wrongful conviction, and Rose and Lamonte are not anticipated to be called as witnesses.

The subpoena issued by Golubski makes no attempt to conform with the purpose or limitations of Rule 17(c), nor does it satisfy the requirements of (1) relevancy; (2) admissibility; and (3) specificity. Vague and unsupported musings about "intertwined" cases fall far short of what is necessary.

Further, the subpoena's demand for all materials obtained in discovery, to be produced "as is," without redactions, conflicts with the court's order issued in *McIntyre*. (Exs. 1, 3). Golubski made no effort to address these issues in the *McIntyre* case and to seek that Court's ruling on his request to obtain all *McIntyre* discovery without redactions. Because his subpoena fails to meet the requisites of Rule 17(c) and because it conflicts with the Amended Protective Order issued in *McIntyre* (Exs. 1, 3), his subpoena must be quashed.

CONCLUSION

WHEREFORE, for all of the reasons stated above, Movants Lamonte McIntyre and Rose McIntyre request that this Court quash the subpoena previously granted by this Court and issued by Defendant Golubski.

Respectfully Submitted,

/s/  Cheryl A. Pilate
Cheryl A. Pilate, KS Bar #14601
Morgan Pilate LLC
926 Cherry Street
Kansas City, Missouri 64106
Telephone:  816-471-6694
Fax:  816-472-3516
Email: cpilate@morganpilate.com


Michael J. Abrams #15407
Alana McMullin #78948
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
michael.abrams@lathropgpm.com
alana.mcmulling@lathropgpm.com
*Attorneys for Movants*


CERTIFICATE OF SERVICE

I, Cheryl A. Pilate, hereby certify that the above and foregoing was served on February 14, 2023, on all counsel of record via the court's electronic filing system.

/s/ Cheryl A. Pilate