**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 22-40055-TC & 22-40086-TC** |
| | ) | |
| **ROGER GOLUBSKI,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**NONPARTY VICTIMS' REPLY IN FURTHER SUPPORT OF THEIR JOINT OBJECTION AND MOTION TO QUASH SUBPOENA**

"Criminal defendants do not have a Constitutional right to discovery in a criminal case." *United States v. Carroll*, No. 96-20024, 1996 WL 442213, at *1 (D. Kan. July 3, 1996) (citing *U.S. v. Price*, 75 F.3d 1440, 1445 [10th Cir.], *cert. denied*, 517 U.S. 1239, 116 S.Ct. 1889, 135 L.Ed.2d 183 [1996]).

Golubski's Response fails to address the legal standard for discovery under Fed. R. Crim. P. 17(c). Instead, it features pages of thinly veiled threats about Cheryl Pilate – one of the attorneys in the McIntyres' §1983 case. Ms. Pilate is not a defendant or witness in either the Rape Indictment or Sex Trafficking Indictment. When Golubski does discuss the law, Response at p. 5, he ignores the binding authority cited in the Nonparty Victim's Joint Objection and Motion to Quash. Instead, he cites a Missouri Court of Appeals case, a Kansas Rule of Professional Conduct, and an over 30 year old Kansas Bar Association ethics opinion.

The applicable law is clear: Golubski bears the burden to "clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). His subpoena failed to do so. Now given a second bite at the

apple with his Response, he again sidesteps his obligation. What Golubski seeks – notwithstanding his conjecture and protest – is clear error.

**1. <u>The Motion for Subpoena Fails to Comply with Rule 17(c)(3)</u>**

Rule 17(c) could not be clearer: the Court is obligated to ensure each victim within the McIntyres' §1983 case is given notice **<u>before</u>** granting the subpoena. Fed. R. Crim. P. 17(c)(3). Golubski does not contest this reality. Instead, he makes two arguments, both of which fail as a matter of law. First, Golubski claims that these Nonparty Victims are not protected by the Protective Order in the McIntyres' §1983 case. This, of course, is irrelevant. A protective order in a civil case is wholly immaterial to the obligation imposed by Rule 17(c). Nor can a civil case modify the Rules of Criminal Procedure in a subsequent criminal action.

Second, Golubski declares that Rule 17(c)(3)'s mandatory notice obligation "is a moot point" because "Objectors are exercising the remedy contemplated by 17(c)(3) by moving to quash." Rape Indictment Doc. 33 at p. 14; Sex Trafficking Indictment Doc 57 at p. 14. This misses the point. The subpoena, as issued, is defective because Rule 17(c)(3) was violated. Moreover, these Nonparty Victims **<u>are not Golubski's only victims</u>**. These other victims have not moved to quash the subpoena, presumably because they are unaware of Golubski's attempt to obtain their identities, addresses, and Social Security Numbers. This includes S.K., who is a named victim in the Rape Indictment, but who is unknown to and not represented by the undersigned counsel.

Rule 17(c)(3) "provides a protective mechanism when the defense subpoenas a third party to provide personal or confidential information about a victim. Third party subpoenas raise special concerns because a third party may not assert the victim's interests, and the victim may be unaware of the subpoena." Rule 17(c)(3) Advisory Committee's Note to 2008 Amendment; *United States v. Vanskike*, No. 18-40055-HLT, 2019 WL 2137284, at *3 (D. Kan. May 16, 2019) (ordering recipient of subpoena to hold compliance in abeyance while ordering defendant "to show cause as

to whether compliance with Rule 17(c)(3) is required, and, if so, an explanation as to how she has complied, or intends to comply, with Rule 17(c)(3)").

**2. The Motion for Subpoena Fails to Meet Its Burden**

Apparently aware that he cannot satisfy Rule 17(c)'s "well known" legal standard that the "Supreme Court established…nearly 70 years ago and our Circuit consistently has enforced," *United States v. Ward*, No. 14-40139-01-DDC, 2020 WL 1935057, at *1 (D. Kan. Apr. 22, 2020), Golubski tries to avoid it entirely by summarily proclaiming "it makes no sense to apply the *Nixon* test." Rape Indictment Doc. 33 at p. 9; Sex Trafficking Indictment Doc 57 at p. 9.

Incredibly, Golubski claims that his defendant-requested subpoena to a third party is not subject to *Nixon*. This is false. *United States v. Henry*, 482 F.3d 27, 30 (1st Cir. 2007) (applying *Nixon* to defendant's Rule 17(c) subpoena to third party); *United States v. Bergstein*, 788 F. App'x 742, 746 (2d Cir. 2019) (same); *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) (same); *United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013) (same); *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018) (same); *United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006); *United States v. Shaw*, No. 20-10004-EFM, 2020 WL 3288071 (D. Kan. 2020) (Chief Judge Melgren); *United States v. Ward*, No. 14-40139-01-DDC, 2020 WL 1935057 (D. Kan. 2020) (Judge Crabtree); *United States v. Hawley*, No. 19-CR-40020-HLT, 2019 WL 5395736 (D. Kan. 2019) (Judge Teeter); *United States v. Carroll*, No. 96-20024, 1996 WL 442213 (D. Kan. 1996) (Judge Lungstrum); *United States v. Wittig*, 250 F.R.D. 548, 550 (D. Kan. 2008) (Judge Robinson). Tellingly, Golubski's Response fails to even explain what test he claims does apply. Instead, he implies that he is entitled to whatever he wants simply because he asked for it. This is clear error.

Golubski then spends three pages analyzing two cases – one from the Northern District of Illinois (*U.S. v. Smith*) and the other from the Southern District of New York (*U.S. v. Tucker*). Aside from the obvious fact that neither case is binding on this Court, and this Court cannot ignore

binding Tenth Circuit authority to the contrary, neither case endorses Golubski's conduct here. Neither cause authorizes a defendant in a criminal case to obtain the entire civil discovery from a separate, long-ago-settled §1983 case. Instead, *United States v. Smith*, 2020 WL 4934990 quashes the nonparty subpoena as unreasonable and a violation of the deliberative-process privilege. *Id.* at *6. Moreover, *Smith* cannot even be considered persuasive because the Seventh Circuit has explicitly applied *Nixon*'s test to nonparty subpoenas. *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002).

*Tucker* is equally unhelpful. There, the court found *Nixon*'s test should not apply where production is sought "by (A) a criminal defendant; (B) on the eve of trial; (C) from a non-party; (D) where the defendant has an articulable suspicion that the documents may be material to his defense." *United States v. Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008). Golubski's subpoena was not sought on the eve of trial, nor has Golubski offered an articulable suspicion that the documents may be material to his defense. Instead, he argues he is entitled to the entire civil discovery file because he wants it. This fails even *Tucker*'s test, which "is not the prevailing law." *United States v. Barnes*, No. S9-04-CR-186-SCR, 2008 WL 9359654, at *3 (S.D.N.Y. Apr. 2, 2008). "Indeed, all district courts within the Second Circuit, aside from the *Tucker* court, have applied the *Nixon* analysis to third-party subpoenas issued by the defense." *Id.* And the Second Circuit has twice refused to adopt *Tucker*'s test. *United States v. Barnes*, 560 F. App'x 36, 40 n. 1 (2d Cir. 2014); *United States v. Bergstein*, 788 F. App'x 742, 746 (2d Cir. 2019). While *Smith* and *Tucker* might may be academically interesting, the law is settled in the Tenth Circuit, and *Nixon* applies.

But Golubski fails to analyze *Nixon* at all – likely because he knows under binding authority, his subpoena must be quashed. But instead of trying to justify his conduct, or modifying his subpoena to clear *Nixon*'s three hurdles, Golubski continues to summarily claim he is entitled

to the entire civil discovery file in the McIntyre's §1983 case because he was a defendant there too. Yet by seeking this material in the Sex Trafficking Indictment, Golubski is ensuring that his co-defendants – ***who were not defendants in the McIntyre's §1983 case*** – also receive victims' sensitive information. Tellingly, Golubski ignores this dangerous reality. By failing to address the three hurdles of relevancy, admissibility, and specificity, Golubski has failed to meet his burden under District of Kansas, Tenth Circuit, and Supreme Court authority.

**3. Compliance with the Subpoena would be Unreasonable or Oppressive**

Golubski also fails to address this argument from the Motion. Instead, Golubski argues that "no harm will result" if his criminal counsel obtains the subpoenaed materials. First, "harm" is not the applicable legal standard. Second, as addressed in the Motion, there is obvious harm, which renders the subpoena unreasonable or oppressive. For example, Golubski expressly seeks unredacted documents, containing full Social Security Numbers, financial account numbers, minor children names, dates of birth, and home addresses. As Magistrate Schwartz stated, Golubski's knowledge of victim addresses "would create new and additional risks to the safety of individuals in the community." Sex Trafficking Indictment, Doc. 46 at p. 6; Rape Indictment, Doc. 22 at p. 6. Golubski's Response wholly ignores this reality or offer any attempt to mitigate the damage.

Moreover, Golubski's subpoena within the Sex Trafficking Indictment ensures that his co-defendants would also receive victims' sensitive personal information. These criminal co-defendants were not defendants in the McIntyre's §1983 case. The subpoena therefore invades the privacy of victims, which is expressly prohibited by 18 U.S.C. § 3771(a)(8) and Rule 17(c).

**4. Golubski's Ownership of the Legal File Under Kansas Law is Immaterial**

Golubski's first argument – although addressed last here because of its immateriality to the Nonparty Victims' Motion – is that under Kansas law, he owns the legal file from the McIntyre's §1983 civil case. Then why did Golubski obtain a subpoena under Rule 17(c)? Why not instead

demand a file transfer from his former civil counsel? Indeed, it appears everything Golubski complains about could be remedied by this simple, routine letter. But since he obtained a Rule 17(c) subpoena, Golubski has pulled his request under the auspices of the Rules of Criminal Procedure. He cannot now avoid these unambiguous rules.

**WHEREFORE**, these Nonparty Victims pray that the Court deny the Motion for Subpoena and Protective Order, quash the Subpoena previously granted by the Court on January 30, 2023, and for any and all other relief to which these Nonparty Victims may be entitled.

Respectfully submitted,

*/s/ William J Skepnek*
William J. Skepnek KS Bar #10149
THE SKEPNEK LAW FIRM, PA
1 Westwood Rd.
Lawrence, KS 66044
Phone: (785) 856-3100
Facsimile: (785) 856-3099
bskepnek@skepneklaw.com

AND

*/s/ Quentin M. Templeton*
Quentin M. Templeton KS Bar #26666
FORBES LAW GROUP, LLC
6900 College Boulevard, Ste. 840
Overland Park, Kansas 66210
Telephone: (913) 341-8600
Facsimile: (913) 341-8606
qtempleton@forbeslawgroup.com

AND

*/s/ Brennan P. Fagan*
Brennan P. Fagan KS Bar #20430
FAGAN & EMERT, LLC
730 New Hampshire Street, Suite 210
Lawrence, Kansas 66044

Telephone: (785) 331-0300
Facsimile: (785) 331-0303
bfagan@faganemert.com

ATTORNEYS FOR NONPARTY VICTIMS

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Quentin M. Templeton*
Quentin M. Templeton